IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL B. HENRICKSON | ) | |
| | ) | 8:04CV469 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SPORTING GOODS PROPERTIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion for Summary Judgment, Filing No. 24. This is a personal injury action for damages alleging negligence, breach of implied warranties and strict liability in tort in connection with the manufacture of ammunition. See Filing No. 1. Jurisdiction is premised on diversity of citizenship. Defendant asserts that plaintiff's action is barred by Nebraska's statute of repose. Neb. Rev. Stat. § 25-224(2).

I.      BACKGROUND

The uncontroverted evidence establishes that the accident at issue occurred on March 1, 2001. Plaintiff acquired the allegedly defective ammunition from a friend, Dennis Ruzek, shortly before the accident. Ruzek, in turn, had acquired the ammunition for his own use in 1999 or 2000. He purchased the ammunition at a gun show in Fremont, Nebraska. Ruzek testified that the individuals displayed, sold and traded firearms and ammunition at the gun show. There is no evidence with regard to the identity of the seller of the ammunition. Ruzek does not know whether the seller was an individual, a wholesaler or a retailer. Ruzek testified that he knows nothing of the history of the

ammunition before he purchased it.  Ruzek concedes that he paid about half the price he would have paid at retail for the ammunition.  There is no dispute that the allegedly defective ammunition was the cause of the plaintiff's injury.

There is similarly no dispute that the subject box of ammunition was manufactured by the defendant in its Arkansas plant on August 9, 1975.  Defendant has also shown that its ammunition products were shipped out of inventory on a first-in-first-out basis and its inventory would ordinarily turn over several times a year.  Defendant has also shown that once sold to a wholesaler the product would typically remain in a wholesaler's inventory for six months to a year.  The evidence also shows that this type of ammunition was a popular product and generally sold well.  Defendant has also produced evidence showing that in a rare situation, such ammunition could have remained in a small retailer's inventory for two years.  These facts are not controverted by plaintiff.

In opposition to the motion, plaintiff has submitted evidence that shows that plaintiff purchased two other boxes of Remington ammunition from a retailer in March 2005.  Defendant's records indicate that those boxes of ammunition had been manufactured in 1997 and 1995, showing that it had remained in a retailer's inventory for eight and ten years.

Plaintiff contends that defendant has not shown that the subject ammunition was sold to an ultimate consumer, as opposed to a wholesaler or retailer, during the period of time that would place it outside the statute of repose.  Plaintiff concedes, however, that "[w]e do not know who the ultimate consumer is, and it may in fact have been Mr. Ruzek," in which case the statute of repose would begin to run in 1999 or 2000.

2

## II.   DISCUSSION

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Harder v. ACANDS*, Inc., 179 F.3d 609, 611 (8th Cir.1999).  Once a party has filed a motion for summary judgment, the burden shifts to the non-moving party to "go beyond the pleadings and 'by affidavit or otherwise' designate 'specific facts showing that there is a genuine issue for trial.'"  *Planned Parenthood of Minnesota/South Dakota v. Rounds,* 372 F.3d 969, 972(8th Cir. 2004) (quoting *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)).  A dispute is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment.  *Id.*  In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations.  *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).  Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  *Koehn v. Indian Hills Community College,* 371 F.3d 394, 396 (8th Cir. 2004).

In diversity cases, the forum state's choice of law rules govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  Nebraska follows the Restatement (Second) of Conflicts of Laws.  *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001).  Under Restatement principles, Nebraska law applies to this action.  See Restatement (Second) of Conflict of Laws §§ 145, 188.  *JRT, Inc. v. TCBY Systems, Inc.,*

52 F.3d 734, 739 (8th Cir. 1995); *Johnson v. United States Fid. & Guar. Co.*, 696 N.W.2d
431, 441 (Neb. 2005). The parties agree that Nebraska law applies.

Under Nebraska law, if a petition alleges a cause of action ostensibly barred by the
statute of limitations, such petition, in order to state a cause of action, must show some
excuse tolling the operation and bar of the statute. *Smeal v. Olson*, 644 N.W.2d 550, 557
(Neb. 2002). Thus, if the petition on its face shows that the cause of action is barred by
the statute, the plaintiff must allege facts to avoid the bar of the statute of limitations and,
at trial, has the burden to prove those facts. *DeSciose v. Chiles, Heider & Co., Inc.*, 476
N.W.2d 200, 206 (8th Cir. 1991). The primary purpose of the summary judgment
procedure is to pierce the allegations made in the pleadings and show conclusively that the
controlling facts are other than as pled. *Smeal,* 644 N.W.2d at 557. The party moving for
summary judgment must, therefore, produce enough evidence to demonstrate his or her
entitlement to a judgment if the evidence remains uncontroverted, after which the burden
of producing contrary evidence shifts to the party opposing the motion. *Id.* at 558.
Consequently, once the movant for summary judgment makes a prima facie showing on
a statute of repose defense, it is incumbent upon the nonmovant to produce evidence
controverting the movant's showing. *See, e.g. id.*

Interpretation of a statute is a question of law. *See Farber v. Lok-n-Logs, Inc.,* 701
N.W.2d 368, 367 (Neb. 2005). The applicable period of repose provides that "any product
liability action . . . shall be commenced within ten years after the date when the product
which allegedly caused the personal injury, death, or damage was first sold or leased for
use or consumption." Neb. Rev. Stat. § 25-224(2). The date a product was "first sold or
leased for use or consumption" means that the point at which possession of the product

is first relinquished for ultimate use or consumption, not when it is placed into the stream of commerce by the manufacturer. *Witherspoon v. Sides Const. Co.*, 362 N.W.2d 35, 40-41 (Neb. 1985). Thus, the statute of repose does not begin to run until the product is purchased by its ultimate consumer, as opposed to a wholesaler or retailer. *Id.* at 40. The limitation that the statute starts when the product is "first relinquished" means that the sale of a product from an ultimate consumer to a subsequent purchaser will not start the period of repose over again. *Id.*

The Nebraska legislature has decided as a matter of policy that "a product liability defendant should not be subjected to liability ten years after the product was first sold or leased for use or consumption." *Farber*, 701 N.W.2d at 367. Where the injury occurs within the ten-year period, and a claimant commences his or her action after the ten years have passed, an action accrues but is barred. *Gillam v. Firestone Tire & Rubber Co.*, 489 N.W.2d 289, 291 (Neb. 1992). Where the injury occurs outside the ten-year period, no substantive cause of action ever accrues, and a claimant's action is likewise barred. *Id.*

Unlike a statute of limitations, the statute of repose is not a mere procedural right but confers the substantive right of immunity from suit on defendant manufacturers. *Spilker v. City of Lincoln*, 469 N.W.2d 546, 548 (1991)(noting "the immunity afforded by a statute of repose is a right which is as valuable to a defendant as the right to recover on a judgment is to a plaintiff; the two are but different sides of the same coin. . . . These are substantive rights recognized by Nebraska law and protected by its Constitution"). Accordingly, a manufacturer acquires a substantive vested right, protected by statute, to be free from suit upon the passing of the ten-year period following the date that it releases its product for ultimate use or consumption. *See id.* at 549.

The only issue for resolution by the court is whether the product at issue was first sold for use more than ten years before the plaintiff filed his petition on September 23, 2004. The defendant has conclusively shown that the subject ammunition was manufactured in 1975. Plaintiff does not dispute that fact. Under Nebraska law, plaintiff's action is barred if defendant's product was sold for use or consumption before September 1994. To prevail on his claim and to rebut defendant's showing on its motion for summary judgment, plaintiff must produce evidence showing that it is more likely than not that the product was sold for use or consumption after September 23, 1994.

In addition, defendant has also made a strong showing that the ammunition at issue would most likely have been sold to an ultimate consumer within two years after it was manufactured. To refute that contention, plaintiff has produced evidence that in one instance defendant's products sat on a retailer's shelves for up to ten years after manufacture.

Viewing the facts and inferences in the light most favorable to plaintiff, plaintiff has shown only that the subject ammunition could have been delivered to its ultimate consumer up to ten years after it was manufactured, which in this case would be August 1985. That scenario would extend the expiration of the repose period to August 1995. Plaintiff did not file this action until 2004, nine years after the latest point at which it's cause of action would be extinguished under the statute.

Plaintiff's contention that neither party knows whether Ruzek purchased the ammunition from a retailer, wholesaler, or another consumer is fatal to its claim. Although plaintiff has shown that Ruzek was an ultimate consumer, plaintiff has not produced any evidence that Ruzek was the consumer to whom the product was first relinquised by

defendant.  In fact, plaintiff admits that there is no evidence presented by either party with respect to this vital information.  Nor has plaintiff alleged that additional discovery would provide any illumination of the fact.  Both parties agree that no one knows what happened to the product between its manufacture in 1975 and its purchase by Ruzek in 1999 or 2000.  It is the plaintiff's burden to prove the elements of his claim.  By his own admission, he is unable to prove that the ammunition was relinquished to an ultimate consumer within the ten years preceding the date of his injury.

Defendant's showing on the price Ruzek paid for the ammunition, the venue at which he purchsed it, the defendant's ordinary course of business, and the length of time that has elapsed since the product's manufacture, creates the reasonable inference that the product was delivered to an ultimate consumer more that ten years before plaintiff's injury.  That inference is simply not refuted by plaintiff's evidence that the product has been known to remain on a retailer's shelf for up to ten years.  Even crediting that evidence, plaintiff has not shown that the product was delivered to an ultimate consumer after 1994. The showing that the manufacture-to-consumer cycle could take up to ten years does not lead to the conclusion that it, in fact, took nineteen years.  Such a deduction is no more than a bare allegation, speculation or conjecture.

Based on the uncontroverted evidence, no trier of fact could find in favor of plaintiff. The defendant has met its burden to show that it is more likely than not that the product at issue was sold for consumption more than ten years prior to the date of plaintiff's injury,

and plaintiff has not refuted that contention.  Accordingly, the court finds as a matter of law

that Section 25-224(2) bars the instant action.[1]

IT IS ORDERED:

1.     Defendant's Motion for Summary Judgment in its favor and against plaintiff
       is granted;

2.     Plaintiff's action will be dismissed;

3.     A judgment of dismissal in conformity with this Memorandum and Order will
       issue this date.

DATED this day of 8th December, 2005.

BY THE COURT:


                              s/Joseph F. Bataillon
                              JOSEPH F. BATAILLON
                              United States District Judge

---

[1]This case illustrates the purpose and utility of a statute of repose.  The passage of time has made it impossible for either the plaintiff or the defendant to produce documents, records, or testimony to support their contentions.